ORIGINAL

CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
FILED

2019 MAR 11 PM 3:46

DEPUTY CLERK ____

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROBBY JOE TREVINO AND<br>LAURIE DALE REED, INDIVIDUALLY,<br>AND AS PERSONAL REPRESENTATIVES OF<br>THE ESTATE OF ALISHA TREVINO,<br>AND AS NEXT FRIEND OF A.N., A MINOR<br>　PLAINTIFFS,<br><br>V.<br><br>CITY OF FORT WORTH,<br>FORT WORTH POLICE DEPARTMENT,<br>FORT WORTH POLICE OFFICER JACOB S.<br>HINZ, FORT WORTH POLICE OFFICER<br>THOMAS HAUCK, FORT WORTH POLICE<br>OFFICER MATTHEW MCMEANS, FORT<br>WORTH POLICE OFFICER C. MCANULTY,<br>FORT WORTH POLICE OFFICER D. KOPLIN,<br>FORT WORTH POLICE OFFICER J. GARCIA,<br>AND FORT WORTH POLICE OFFICER SEAN<br>R. LACROIX<br>　DEFENDANTS. | CIVIL ACTION NO.<br><br>4:17-cv-00227-A |

## DEFENDANT CITY OF FORT WORTH'S RESPONSE TO PLAINTIFFS' MOTION FOR NEW TRIAL AND BRIEF IN OPPOSITION

Defendant City of Fort Worth (hereinafter "Defendant City" or "City") files this Response and Brief in Opposition to Plaintiffs' Motion for New Trial and would respectfully show the Court as follows:

### I. PROCEDURAL HISTORY

On June 30, 2017, Eric Douglas filed a Notice of Appearance and Designation as Lead Counsel for Plaintiffs. [Document 30]. On August 30, 2017, Jeff Wise entered an appearance as co-counsel for Plaintiffs. [Document 49]. Subsequent to these appearance, counsel for Plaintiffs filed several other items with the Court. Additionally, the Court entered a Scheduling Order

[Document 52] and an order granting Plaintiffs' request for a stay of the case during the pendency of the appeal [Document 57]. Plaintiffs never complained of not receiving notice of any of these orders, which were all served via electronic service to the email addresses on file with the ECF system.

Federal Rule of Civil Procedure 5 was amended effective December 1, 2018. The amended rule eliminates the need for a certificate of service, where service is effectuated by electronic service via the Court's ECF system.

The City filed its Motion to Dismiss on January 1, 2019, after the date of the amended rule regarding certificates of service. [Document 60]. Therefore, service and notice thereof were complete when the City's Motion to Dismiss was filed with the Court. Plaintiffs' response to the City's motion was due on January 29, 2019. Local Civil Rule 7.1(e). Plaintiffs filed no response, and the Court granted the City's Motion to Dismiss on February 4, 2019. [Document 61].

## II. ARGUMENT & AUTHORITIES

### A. Plaintiffs Received Proper Service Under Rule 5

Federal Rule of Civil Procedure 5 was amended effective December 1, 2018. FED. R. CIV. P. 5. Rule 5(b)(E) provides that a paper is served by sending it to a registered user by filing it with the court's electronic-filing system ("ECF"), and Rule 5(d)(1) eliminates the need for a certificate of service where the pleading is served by the court's ECF system. This Court's own Local Civil Rules provide that delivery of the notice of electronic filing that is automatically generated by ECF constitutes service on each party who is a registered user of ECF. Local Civil Rule 5.1(d). Moreover, attorneys are required to register with the Court's ECF system within 14 days of appearing in a case. Local Civil Rule 5.1(f).

Plaintiffs' counsel complain that (1) Mr. Wise did not receive service at the email address listed in Defendant City's certificate of service (because of his failure to register for ECF), and (2) although Mr. Douglas actually did receive email notice through ECF, he was not specifically listed on Defendant City's certificate of service. Although the City included a certificate of service in its Motion to Dismiss, such certificate was actually made unnecessary by Rule 5 because service was effective when the notice of electronic filing was sent to each party who was a registered user of ECF. FED. R. CIV. P. 5; Local Civil Rule 5.1(d). By counsel for Plaintiffs' own admission, Mr. Wise failed to register for the ECF system within 14 days of entering an appearance [Document 63 ¶ 9] and has still not registered to this day. *See* Exhibit A, Notice of Electronic Filing for [Document 63]. Moreover, counsel admits that Mr. Douglas, lead counsel for Plaintiffs, was served via ECF. [Document 63 ¶¶ 8, 11]. It should also be noted that counsel for Plaintiffs included almost identical language in their certificate of service for their Motion for New Trial as the City included in its Motion to Dismiss. *Compare* Document 63 *with* Document 60. So just as Plaintiffs' counsel has relied on Rule 5 of the Federal Rules to effectuate service of their Motion for New Trial upon the City, so too did the City when it filed its Motion to Dismiss.

**B.  Plaintiffs Have Not Set Forth Sufficient Grounds For Relief From Judgment**

Despite titling their motion as one for a new trial, it is in fact a motion for reconsideration, or alternatively a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules (as there was no trial). The Federal Rules do not specifically provide for motions for reconsideration. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004). Instead, such motions are analyzed under Rule 59(e) or Rule 60(b) depending upon when the motion is filed. *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Plaintiffs filed their motion within 28 days after the judgment was entered in this case on February 4, 2019; Rule 59(e) therefore applies.

Federal Rule of Civil Procedure 59(e) provides for a court's alteration or amendment of a judgment to correct a manifest error of law or fact, to account for newly discovered evidence, or to accommodate an intervening change in controlling law. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Rule 59(e) motions are not meant to attempt to relitigate matters that should have been urged earlier or that simply have been resolved to the movant's displeasure. *Sanders v. Bell Helicopter Textron, Inc.*, No. 4:04-CV-254-Y, 2005 U.S. Dist. LEXIS 46920, 2005 WL 6090228, at *1 (N.D. Tex. Oct. 25, 2005) (citing *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). On the contrary, the remedy provided by Rule 59(e) is extraordinary and should be used sparingly. *Templet*, 367 F.3d at 479. The "remedy is so extraordinary that the standard under Rule 59(e) 'favors denial of motions to alter or amend a judgment.'" *Sanders*, 2005 U.S. Dist. LEXIS 46920, 2005 WL 6090228, at *1 (quoting *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)).

Plaintiffs have not put forth a valid ground for alteration or amendment of the final judgment under Rule 59(e). Accordingly, their motion should be denied, and the judgment in this case should stand.

Even if Plaintiffs could proceed under Rule 60(b)(1), their motion should likewise be denied. For Rule 60(b) relief, Plaintiffs must show mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Plaintiffs argue that the judgment should be set aside due to excusable negligence on the part of counsel based on their (1) not registering for ECF; (2) relying on an assistant to provide counsel with court filings; and (3) not checking a "junk" email box for ECF filing notifications. Gross carelessness and ignorance of the rules, however, are *in*excusable neglect and therefore insufficient bases for Rule 60(b)(1) relief. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993). The Fifth Circuit has stated that Rule 60(b) relief is only to

be afforded in "unique circumstances," and counsel has a duty to diligently inquire about the status of his case. *Id.* The Court further stated, "a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Id.* Finally, in a similar case where counsel argued that failure to update an email address on file with the Southern District of Texas causing him to miss notices of court filings was a "simple clerical mistake," the district court held that counsel did not fulfill his "duty of diligence to inquire about the status of a case" and denied Rule 60(b)(1) relief. *Walker v. Transfrontera CV de SA*, Civil Action No. 5:13-cv-118, 2014 U.S. Dist. LEXIS 187597, at *4–5 (S.D. Tex. Sept. 19, 2014) (citing *Edward H. Bohlin*, 6 F.3d at 356–57), *aff'd*, 634 F. App'x 422 (5th Cir. 2015); *see also Ichie Chibuzo Onwuchekwe v. Okeke*, 404 F. App'x 911, 911–12 (5th Cir. 2010) (holding it was not an abuse of discretion for the district court to conclude that "sending court communications to the spam folder is inexcusable neglect").

WHEREFORE, PREMISES CONSIDERED, Defendant City of Fort Worth prays that the Court deny Plaintiffs' Motion for New Trial and enter judgment in the City's favor on all causes of action.

Respectfully submitted,

*[signature]*

Lynn Winter
Assistant City Attorney
State Bar No. 24078135
*lynn.winter@fortworthtexas.gov*

**Laetitia Coleman Brown**
Senior Assistant City Attorney
State Bar No. 00792417
*laetitia.brown@fortworthtexas.gov*

**Office of the City Attorney**
200 Texas Street
Fort Worth, Texas  76102-6311
817.392.7600
817.392.8359 Facsimile

*Attorneys for Defendant City of Fort Worth*

| | |
|---|---|
| From: | ecf_txnd@txnd.uscourts.gov |
| To: | Courtmail@txnd.uscourts.gov |
| Subject: | Activity in Case 4:17-cv-00227-A Trevino et al v. City of Fort Worth et al Motion for New Trial |
| Date: | Tuesday, March 05, 2019 9:12:49 AM |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: Judges' Copy Requirements. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge.

## U.S. District Court

## Northern District of Texas

### Notice of Electronic Filing

The following transaction was entered on 3/5/2019 at 9:12 AM CST and filed on 3/4/2019
**Case Name:**    Trevino et al v. City of Fort Worth et al
**Case Number:**  4:17-cv-00227-A
**Filer:**        Laurie Dale Reed
                  Robby Joe Trevino
**WARNING: CASE CLOSED on 02/04/2019**
**Document Number:** 63

**Docket Text:**
**Plaintiff's Motion for New Trial filed by Laurie Dale Reed, Robby Joe Trevino (wxc)**

**4:17-cv-00227-A Notice has been electronically mailed to:**

James T Jeffrey, Jr    jim.jeffrey@sbcglobal.net, lyowell@sbcglobal.net

D Lee Thomas, Jr    dlthom31@yahoo.com, renee.dolkos@gmail.com

Kenneth E East    ken1@airmail.net, ken@east.law

Laetitia Coleman Brown    laetitia.brown@fortworthtexas.gov,

**EXHIBIT A**

lily.acosta@fortworthtexas.gov, tracey.mcvay@fortworthtexas.gov

Roger Arash Farahmand    farahmandemail@gmail.com, attyraf@aol.com, eric@langfordandwise.com, mary@farahmandlaw.com

Lynn Marie Winter    lynn.winter@fortworthtexas.gov, gerald.pruitt@fortworthtexas.gov, senna.cox@fortworthtexas.gov, tracey.mcvay@fortworthtexas.gov

Eric Douglas    eric@langfordandwise.com

**4:17-cv-00227-A The CM/ECF system has NOT delivered notice electronically to the names listed below. The clerk's office will only serve notice of court Orders and Judgments by mail as required by the federal rules.**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=3/5/2019] [FileNumber=11368323-0
] [d8dc1f04e26755a3278c0fc4f9cad3f4907b8dc7ba53390a1bddfdd78501e006881
43266589ba1de154ec63299a13a94c825e690980b4aa7c4c56a4afda88d5d]]

Exhibit A